# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRIS CASCIANO,

      Plaintiff,

v.                                        Case No. 23-11149
                                           Hon. Jonathan J.C. Grey

LIFESECURE INSURANCE CO.,

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 17) and GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 19)

On May 16, 2023, Plaintiff Chris Casciano filed the instant complaint against his former employer, LifeSecure Insurance Company ("LifeSecure"), alleging two violations of his civil rights under Title VII, 42 U.S.C. § 2000e *et seq.*, and one violation of the Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 *et seq.* In summary, Casciano alleges that LifeSecure unlawfully discriminated against his religion by failing to grant him a religious exemption from a COVID-19 vaccination requirement and then terminating his employment for not getting the vaccine.

This matter is before the Court on LifeSecure's motion for judgment on the pleadings (ECF No. 17) and Chris Casciano's motion for leave to file an amended complaint (ECF No. 19.) The motions are fully briefed. The Court finds that the parties have adequately briefed the motions and therefore considers them without oral argument. E.D. Mich. LR 7.1(f).

## I.    BACKGROUND

Casciano was employed as a manager by LifeSecure until his termination on January 5, 2022. After his termination, Casciano filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination alleging religious discrimination and retaliation on February 25, 2022, and received his right to sue letter on February 17, 2022. (ECF No. 1, PageID.3.)

On November 1, 2021, LifeSecure enacted a mandatory COVID-19 vaccination policy for all employees and contractors. In his original complaint, Casciano provides limited detail about his religious belief and merely alleges he has a sincerely held religious belief as he "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer" and his sincerely held religious belief conflicted with the vaccination policy. (ECF No. 1, PageID.6.)

Casciano submitted a religious exemption request for the COVID-19 vaccine to LifeSecure. After an interview, LifeSecure denied Casciano's exemption request. Casciano alleges that LifeSecure did not engage in an interactive process which might have allowed for accommodation of his belief. Casciano further alleges that he was treated "differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated." (ECF No. 1, PageID.14.)

In his proposed amended complaint, Casciano provides additional detail about his religious belief, including that he is a nondenominational Christian who "derives his morals and conscience from Jesus Christ and the Bible." (ECF No. 19-1, PageID.305.) He further alleges he believes that "God created man in His perfect image with an immune system built to protect from illness and harm" and he "must not alter God's design for the human body, including his natural God-given immune system, which conflicts with Defendant's employment requirement to vaccinate from COVID-19." (*Id.*)

In terms of the disparate treatment claims, Casciano states that "[i]n discovery, Plaintiff will be able to investigate which types of

3

religious beliefs Defendant found to be acceptable and which types of religious beliefs Defendant discriminated against, thereby establishing evidence probative of discriminatory intent." (ECF No. 19-1, PageID.317–318.)

## II. LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)). The Court may grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

In deciding whether to dismiss a case, a court will generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v.*

*Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider exhibits attached to the complaint, public records, and motion to dismiss attachments without converting the motion into one for summary judgment so long as the outside documents are referred to in the complaint and are central to the claims. *Id.*

### III. ANALYSIS

The Sixth Circuit has "long differentiated between 'failure to accommodate' and 'disparate treatment' claims." *Sturgill v. Am. Red Cross*, 114 F.4th 803, 811 (6th Cir. 2024) (citations omitted). A failure-to-accommodate claim is a type of disparate-treatment claim. *Id.* (citing *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774–775 (2015)); *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 n.4 (6th Cir. 2024) (citing *Abercrombie & Fitch*). Thus, a disparate-treatment claim that is independent from an accommodation claim must be separately pled. *Id.*

#### A. Failure to Accommodate

In the context of a Title VII religious discrimination case, a "plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in their complaint." *Savel,* 96 F.4th at 943. "If a

5

reasonable court can draw the necessary inference [of discrimination] from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id.* (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

"The heart of the failure-to-accommodate claim is that an employer discharges (or otherwise discriminates against) an employee for failing a job-related requirement instead of abiding by its 'statutory obligation to make reasonable accommodation for the religious observances' of its employees." *Id.* at 943–944 (6th Cir. 2024) (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 75 (1977)).

Courts must be cautious in reviewing pleadings involving allegations of religious belief as the "Supreme Court has warned, [r]epeatedly and in many different contexts, that courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim." *Lucky v. Landmark Med. of Michigan, P.C.*, 103 F.4th 1241, 1244 (6th Cir. 2024) (internal quotation marks omitted) (quoting *Employment Div. v. Smith*, 494 U.S. 872, 887 (1990)). The Sixth Circuit has held that a plaintiff who alleged she prayed, received an answer, and acted accordingly, was sufficient to overcome a

6

motion to dismiss without additional factual detail. *Lucky*, 103 F.4th at 1243.

The cases cited by LifeSecure in support of its position that Casciano must provide additional factual detail are largely inapplicable given the holding in *Savel*, and in fact, one of the primary cases cited by LifeSecure has subsequently been reversed on appeal. *See Lucky v. Landmark Med. of Michigan, P.C.*, No. 23-cv-11004, 2023 WL 7095085 (E.D. Mich. Oct. 26, 2023), rev'd and remanded, 103 F.4th 1241 (6th Cir. 2024).

At this stage, Casciano only "needs to allege a sincerely held religious belief; [he] needs neither to identify nor to explain it." *Gorski v. Ascension St. John Hosp.*, 725 F. Supp. 3d 718, 724 (E.D. Mich. 2024). Here, Casciano's complaint clearly alleges that he has a sincerely held religious belief that conflicted with LifeSecure's vaccination policy. Specifically, he alleged that he "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." (ECF No. 1, PageID.6.) He further states that "maintaining his sincerely held religious beliefs, [Casciano] did not receive the vaccine,

7

and was subsequently placed on unpaid leave on December 15, 2021." (*Id.*, PageID.7.)

Casciano also alleges, and LifeSecure acknowledges, that an interview was conducted at which LifeSecure asked Casciano questions about his religious belief. (ECF No. 1, PageID.5.) This suggests that LifeSecure is on notice of the exact beliefs at issue. For that reason, judgment on the pleadings is inappropriate for Casciano's failure to accommodate claim and the motion is **DENIED**.

### B. Disparate Treatment

The analysis for disparate treatment claims under ELCRA is the same as under Title VII. *Gibson v. MGM Grand Detroit, L.L.C.*, 815 F. App'x. 48, 55 (6th Cir. 2020) (citation omitted). To make a prima facie case for disparate treatment, the plaintiff must show that they were a member of a protected class and that they were treated differently than similarly situated employees who are not members of a protected class, but who engaged in similar conduct. *Pitts v. Michael Miller Car Rental*, 942 F.2d 1067, 1070 (6th Cir. 1991).

For an employee to be similarly situated, they generally "must have dealt with the same supervisor, have been subject to the same standards

8

and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 364 (6th Cir. 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

Other courts in this District have determined that "similar, if not nearly identical, allegations were sufficient to support an inference that other, similarly situated employees were treated differently." *See Smith v. Blue Cross Blue Shield of Michigan*, Case No. 23-12064, 2024 WL 3991245, at *4 (E.D. Mich. Aug. 29, 2024) (collecting cases); *Ford v. Blue Cross Blue Shield of Michigan*, No. 23-12070, 2024 WL 3991246, at *4 (E.D. Mich. Aug. 29, 2024) (collecting cases); *Escamilla v. Blue Cross Blue Shield of Michigan*, No. 23-cv-10279, 2024 WL 2724158, at *3 (E.D. Mich. May 28, 2024); *Gorski v. Ascension St. John Hosp.*, 725 F. Supp. 3d 718 (E.D. Mich. 2024).

Unlike in *Gorski*, there was no categorical denial of religious exemptions pleaded here. 725 F. Supp. 3d 718 (E.D. Mich. 2024). Instead, Casciano alleges that he was treated "differently than similarly situated employees with different religious beliefs who were allowed to continue

9

working despite not being vaccinated." (ECF No. 1, PageID.14.) Casciano's proposed amended complaint makes clear that he means nondenominational Christians were treated differently from other religious groups, although he does not identify a specific comparative group. (*See* ECF No. 19-1.) However, his original complaint has sufficiently pleaded a disparate treatment claim. For that reason, judgment on the pleadings as to the disparate treatment claim is **DENIED**.

### C. Motion for Leave to File Amended Complaint

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court should deny leave to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted). Futility exists if the proposed amended complaint could not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

Here, none of factors weigh in favor of denying Casciano leave to amend his complaint. Casciano filed the motion early in the case, the

10

proposed amended complaint can withstand a Rule 12(b)(6) motion, and there is no indication it was brought in bad faith or for dilatory purposes. Consequently, Casciano's motion for leave to amend is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that LifeSecure's motion for judgment on the pleadings is **DENIED**;

**IT IS FURTHER ORDERED** that Casciano's motion to amend his complaint is **GRANTED**;

**IT IS FURTHER ORDERED** that Casciano must file his amended complaint with the Clerk of Court within 30 days of the date of this order.

**SO ORDERED**.

Date: January 22, 2025

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager